**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2036
_____

JOHN DELACH,
                              Appellant

v.

LINDY PAVING INC.; LOCAL No. 341, IBT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cv-01632)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2025

Before: HARDIMAN, PORTER, and SMITH, *Circuit Judges*.

(Filed: April 15, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

John Delach appeals an order dismissing his hybrid claim under the Labor Management Relations Act. We will affirm.

I

Lindy Paving, Inc. is, as its name suggests, a highway paving business. Because much of its work is performed during the warm weather months, Lindy relied on seasonal employees. It typically hired in the spring, laid off workers in the fall, then rehired them the following spring. As of 2023, Delach had worked for Lindy as a seasonal truck driver for 15 years.

In January 2023, Delach was hired for a special assignment, but he was not recalled that spring. Instead, Lindy began recalling truck drivers junior to Delach, which prompted him to reach out to his supervisor, Joel Philips. Philips told Delach that Lindy did not plan to recall him without explanation.

Delach asked his union, Local No. 341–IBT (Local 341), to intervene. Union President Joseph Podolak contacted Lindy on Delach's behalf, but Lindy again declined to explain its decision. So Podolak consulted Local 341's lawyer, Joe Pass, who advised Podolak that Lindy's action complied with the Collective Bargaining Agreement between Local 341 and the Constructors Association of Western Pennsylvania, of which Lindy is a member. Article XII, Section 3 of the CBA establishes a seniority system for the hiring and rehiring of employees:

> In the reduction of the work force due to the slackness of work, the last Employee hired shall be the first Employee laid off, providing the remaining

2

Employees are qualified to perform the available work. In rehiring, the last Employee laid off shall be the first Employee rehired, providing he is qualified to perform the available work.

App. 38. But that provision is subject to Section 9, which places limitations on the seniority system:

Seniority shall be broken or lost by the occurrence of any of the following events:
a. Voluntary quit.
b. Discharge for just cause.
c. Unauthorized leave of absence.
d. Unauthorized failure to report for work when scheduled for work.
e. Working while under the influence of alcohol or drugs taken unless prescribed by a physician.
f. Failure to follow the instructions of company supervisor.
g. Performance of any act of dishonesty.
h. Being negligent in the performance of assigned duties.
*Seniority will be maintained for one month from date of lay-off.* The Union shall be notified immediately of any of the above incidents.

App. 39 (emphasis added).

Attorney Pass advised Local 341 that Delach no longer enjoyed the seniority protections of Section 3 because he had been separated from Lindy for more than one month by the time the 2023 spring paving season began. Relying on that advice, Local 341 initially declined to file a grievance on Delach's behalf. It changed course in August 2023, belatedly filing a grievance for Delach. The Constructors Association denied the grievance as untimely. Convinced that Delach's grievances lacked merit, Local 341 declined to pursue arbitration.

Delach sued Lindy and Local 341 in a hybrid action under the LMRA. He claimed that Lindy violated Article XII, Section 9 of the CBA by failing to recall him for the 2023

spring paving season. He also asserted a violation of Article XV, Section 7 of the CBA because Lindy failed to give his union notice and an explanation for its decision. Finally, Delach alleged that Local 341 breached its duty of fair representation by refusing to file timely grievances in response to those CBA violations. Lindy and Local 341 filed motions to dismiss, which the District Court granted. Delach timely appealed.

II[1]

A

To prevail on a hybrid claim under Section 301 of the LMRA, 29 U.S.C. § 185, the plaintiff has to prove "two causes of action." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). He must establish that: (1) his employer violated its collective bargaining agreement; and (2) his union breached its duty of fair representation. *Id.* Because these claims are "inextricably interdependent," the plaintiff has to prove both to prevail against either defendant. *Id.* at 164–65. So it is not enough for Delach to allege a breach of the CBA; he must also show that Local 341 acted arbitrarily, discriminatorily, or in bad faith while handling his grievances under that agreement. *See Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185, and we have jurisdiction under 28 U.S.C. § 1291. "We review a district court's ruling granting a motion to dismiss *de novo*," accepting "all factual allegations in the complaint" as true. *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 308 (3d Cir. 2023).

B

Delach claims Local 341 breached its duty of fair representation by mishandling two grievances. The first concerned Lindy's failure to rehire him as a seasonal truck driver. Delach insists that, by ignoring longstanding company practices, Local 341 misread Article XII, Section 9 of the CBA, which caused it to arbitrarily delay filing a grievance on his behalf. We disagree.

Soon after it learned that Lindy declined to recall Delach, Local 341 conferred with a company representative and consulted Pass, the union's lawyer. Pass provided a plausible interpretation of the CBA that, if correct, would preclude Delach from obtaining relief from Lindy. Even if Delach is correct that Pass did not consider company practices in reaching his conclusion, that omission was, at most, an error in judgment. But "mere negligence" is not enough to state a claim for a breach of the duty of fair representation. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372–73 (1990). So the complaint does not plausibly allege that Local 341 breached its duty of fair representation by any mishandling of Delach's grievance for alleged violations of Article XII, Section 9.

Delach next argues that Local 341 mishandled his grievance concerning Lindy's notice obligations. Because Lindy did not provide notice or an explanation for any of its adverse employment decisions, Delach claims it violated Article XV, Section 7 of the CBA:

> The Contractor (or his Representative) agrees before laying off or discharging the Job Steward, for cause, he shall notify the Union of his intention to do so two full working days prior to such lay-off or discharge

5

and upon request of the Union he shall show cause for such layoff or discharge.

App. 41. Lindy's alleged breach, Delach says, obligated Local 341 to file a grievance on his behalf, and its failure to do so was an arbitrary omission in violation of its duty of fair representation. We are unpersuaded.

Local 341 read Section 7 to require notice and an explanation only when Lindy discharges employees "for cause," App. 41, a reading it says reflects industry custom for seasonal employees. Because Delach's layoff was a routine workforce reduction, the union believed Delach had no right to notice or an explanation under Section 7. We need not decide whether that is the best interpretation of Section 7; it suffices to conclude that Local 341 did not act arbitrarily when it reached that conclusion. *See Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir. 1970). Delach therefore did not plausibly allege that Local 341 breached its duty of fair representation by declining to file a grievance for alleged violations of Article XV, Section 7.[2]

\* \* \*

For the reasons stated, we will affirm the District Court's order granting Defendants' motions to dismiss.

---

[2] Because we conclude that Delach's complaint did not plausibly allege a breach of Local 341's duty of fair representation, we need not decide whether Lindy violated the terms of the CBA.